MR. JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiffs Mr. ánd Mrs. Evans obtained a jury verdict in Flathead County District Court against defendant Teakettle Realty (Teakettle) for negligencé and violation of the Consumer Protection Act. The Evans appeal the District Court’s reduction of their recovery by 50% for their own negligence, and the court’s denial of costs and attorney fees. We affirm in part, reverse in part, and remand to the District Court.
The issues are:
1. Did the District Court err in applying the comparative negligence statute, Section 27-1-702, MCA, to reduce the Evans’ recovery under the Montana Consumer Protection Act?
2. Did the District Court err in denying costs to the Evans?
3. Did the District Court err in denying attorney fees to the Evans?
No transcript was provided on this appeal. The facts set forth here are from the pleadings and other documents in the District Court file. The Evans purchased their home in August 1982, through Teakettle. In this action, the Evans alleged that they noticed a strong odor in the house in January 1984 and then discovered that the septic tank was illegally located under a trap door in the floor of the utility room. They further alleged that the septic tank had overflowed, that the ground under the house was saturated with wastes, and that the resulting odor and methane gas rendered the house uninhabitable. They complained that Teakettle negligently and in violation of the Montana Consumer Protection Act (Sections 30-14-101 *365 through 142, MCA) failed to inform them of the dangerous and illegal location of the septic tank.
This matter was tried by jury. In answer to special interrogatories, the jury found that Teakettle and the Evans were each negligent in causing the Evans’ damages. The jury also found that Teakettle violated the Consumer Protection Act. It set the Evans’ damages at $28,000 and apportioned the negligence 50% to the Evans and 50% to Teakettle.
The Evans filed post-trial motions for costs and for attorney fees under the Consumer Protection Act. The District Court denied the Evans’ motions for costs and fees, and reduced their recovery by 50% for their own negligence under the comparative negligence law. The Evans appeal these post-trial determinations.
I
Did the District Court err in applying the comparative negligence statute, Section 27-1-702, MCA, to reduce the Evans’ recovery under the Montana Consumer Protection Act?
The jury’s answers to special interrogatories do not establish whether the $28,000 in damages awarded to the Evans were for Teakettle’s negligence or for its violation of the Consumer Protection Act. The District Court ruled:
“In the special verdict presented to the jury in this case, damages attributable to negligence were not separated from damages attributable to a violation of the Consumer Protection Act. Thus, there is no method by which this Court may reduce the negligence portion of the award, but spare the Consumer Protection Act portion of the award.
“It is axiomatic that negligence awards are reduced by any negligence of the plaintiff. It is additionally clear that in this case, Plaintiffs were equally responsible for the damages suffered. A full award, unreduced by Plaintiffs negligence, would be clearly contrary to statute, and fly in the face of accepted negligence theories.”
The Evans do not dispute application of the comparative negligence statute to the jury’s finding that Teakettle was negligent. But they argue that their own simple negligence cannot be weighed against violation of the Consumer Protection Act, which they assert requires a greater level of wrongdoing. They contend that therefore the damages should not be reduced.
The instructions given to the jury do not distinguish acts which *366 constitute negligence from those which violate the Consumer Protection Act. Instruction No. 27 labels the realtor’s failure to ascertain facts about the property and to disclose such facts to the potential buyers as a violation of the Consumer Protection Act. Instructions No. 24 and 25 define the same failures to ascertain and disclose as negligence. Yet the instructions set the damages for violation of the Consumer Protection Act differently than the damages for negligence. Instruction No. 15 applies the principles of comparative negligence. Instruction No. 27 states that if Teakettle has violated the Consumer Protection Act, the Evans are “entitled to all actual damages caused thereby.” Neither the Evans nor Teakettle has requested a new trial to remedy this apparent contradiction. It is not the Evans’ hope to get a new trial, but to increase the damage award.
The jury found violations of the Act as well as negligence on the part of Teakettle. The law as stated in the instructions does not allow us to separate Teakettle’s actions in violation of the Consumer Protection Act from its actions which were negligent. We affirm the District Court’s reduction of damages based on Instruction No. 15.
II
Did the District Court err in denying costs to the Evans?
The Evans argue that they are entitled to recover their costs under Section 25-10-101(3), MCA:
“Costs are allowed, of course, to the plaintiff upon a judgment in his favor in the following cases:
“(3) in an action for the recovery of money or damages, exclusive of interest, when plaintiff recovers over $50;
Although its judgment for the Evans was in the amount of $14,000, the District Court originally denied their motion for costs. On the Evans’ motion for reconsideration, however, the court acknowledged that it should have awarded costs. The Evans raise this matter on appeal only because the motion for reconsideration was decided after the notice of appeal was filed. We reverse the District Court’s original judgment as to costs, and order that allowable costs under Section 25-10-201, MCA, be awarded to the Evans.
*367 III
Did the District Court err in denying attorney fees to the Evans?
The Consumer Protection Act allows for attorney fees at Section 30-14-133(3), MCA:
“In any action brought under this section, the court may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action.”
Under the verdict form used here, it is not possible to apportion the damages between the negligence count and the Consumer Protection Act count. The District Court reasoned that “[p]lainti£fs were equally negligent in the events leading to their action, and it would be patently unfair to award them attorney fees in that situation.” In the absence of a record on appeal, we cannot evaluate the District Court’s basis for denying attorney fees. Under these circumstances, we will not interfere with the District Court’s discretion in denying attorney fees to the Evans.
Affirmed in part, reversed in part, and remanded to District Court for a determination of the costs to which the Evans are entitled.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON and M. JAMES SORTE, District Judge concur.